UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HICHAM JORIO,<br><br>         Plaintiff,<br><br>    v.<br><br>MOHAMED BENMANSOUR,<br><br>         Defendant. | Case No. 15-cv-00063 NC<br><br>**ORDER TO SHOW CAUSE RE: DEFAULT JUDGMENT**<br><br>Re: Dkt. No. 18 |

Plaintiff Hicham Jorio moves for default judgment under Federal Rule of Civil Procedure 55(b)(2) to enforce an agreement against defendant Mohamed Benmansour. This contractual dispute arises out of Benmansour's alleged failure to transfer the agreed-upon shares of Safarclick, SA to Jorio. Dkt. No. 1 at ¶¶ 14-15. Jorio requests that the Court enter judgment in his favor in the amount of $2,450,000 plus interest, cost of suit, and attorney's fees. *Id.* at ¶ 43.

But Jorio's motion, even when viewed in combination with his complaint, appears to be deficient. For example, there appears to be no basis for this Court's subject matter jurisdiction or personal jurisdiction. Jorio also failed to apply the *Eitel* factors. *See Eitel v. McCool*, 782 F.2d 1470, 1471-2 (9th Cir. 1986) (identifying factors courts must apply in deciding whether to grant default judgment motion). Accordingly, the Court orders Jorio to show cause why this case should not be dismissed for lack of jurisdiction, and why denial of default judgment is improper, by addressing the following:

Case No. 15-cv-00063 NC

- **Subject matter jurisdiction**: The Court may have subject matter jurisdiction under 28 U.S.C § 1332(a)(2), which gives federal district courts "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of a State and citizens or subjects of a foreign state." But to qualify as a "citizen of a State" for the purposes of § 1332(a), a natural person must be both a citizen of the United States *and* be domiciled within a particular state. *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989). Here, Jorio states he is a "United States citizen and *resides* in Los Gatos, CA." Dkt. No. 1 at 2 (emphasis added). Although plaintiff alleges United States citizenship, he failed to assert his *state* citizenship to establish diversity. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (finding asserting residency is inadequate because "a person residing in a given state is not necessarily domiciled there").
- **Personal jurisdiction**: "Without a proper basis for [personal] jurisdiction . . . the district court has no power to render any judgment against the defendant's person or property unless the defendant has consented to jurisdiction or waived the lack of process." *S.E.C. v. Ross*, 504 F.3d 1130, 1138-39 (9th Cir. 2007). Personal jurisdiction may be founded on either general or specific jurisdiction, and Jorio has failed to plead either.
- **Default judgment factors**: In deciding whether to grant default judgment, the Court considers the following factors: (1) the merits of the plaintiff's substantive claim; (2) the sufficiency of the complaint; (3) the sum of money at stake in the action; (4) the possibility of prejudice to the plaintiff; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy favoring decisions on the merits. *Eitel*, 782 F.2d at 1471-72. Here, Jorio moves for default judgment against Benmansour for breach of contract, unjust enrichment, and conversion, but does not address the *Eitel* factors or otherwise argue why default judgment is proper, in his two-

page motion. Dkt. No. 18. In particular, Jorio fails to sufficiently describe the terms of the alleged agreement(s) that would allow the Court to evaluate the merits of his claim.

- **Damages**: The factual allegations of the complaint, except those concerning damages, are deemed admitted by the non-responding parties. *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977). In this case, Jorio requests a judgment of $2,450,000 plus interest, cost of suit, and attorney's fees. Dkt. No. 1 at ¶ 43. Jorio, however, offers no explanation for how he arrived at this figure. Instead, Jorio attaches a declaration with the conclusory statement that the damages "are accurate and reasonable pursuant to the Purchase Agreement . . . and the subsequent valuation of Safarclick, SA and equity due to Plaintiff, Hicham Jorio." Dkt. No. 18-1 at 2. The Court orders Jorio to explain how he calculated his alleged damages and why he is entitled to his requested relief of $2,450,000 under the contract's terms. Additionally, while Jorio seeks attorney's fees, he has failed to provide any evidence (e.g., declarations, exhibits) that can account for plaintiff's attorney's time in sufficient detail and that can attest to counsel's hourly rate. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (to determine a reasonable attorneys' fee, or "lodestar," the starting point is the number of hours reasonably expended multiplied by a reasonable hourly rate).

Accordingly, the Court orders Jorio to show cause within 14 days, why the Court should not dismiss this case for lack of jurisdiction or deny Jorio's motion for default judgment. Alternatively, Jorio may file within 14 days an amended complaint curing the deficiencies discussed above. Jorio's motion for default judgment remains under submission. Dkt. No. 18.

**IT IS SO ORDERED.**

Dated: August 4, 2015

_____
NATHANAEL M. COUSINS
United States Magistrate Judge

Case No. 15-cv-00063 NC         3