United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HICHAM JORIO,<br><br>   Plaintiff,<br><br>  v.<br><br>MOHAMED BENMANSOUR,<br><br>   Defendant. | Case No.  15-cv-00063-RMW<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE**<br><br>Re: Dkt. No. 24 |

  On September 21, 2015, the magistrate judge referred the case for reassignment to district court, recommending that the district court dismiss plaintiff's complaint without prejudice. Dkt. No. 24. The case is now before the undersigned. Having reviewed the magistrate judge's report and no objections having been filed,[1] the court adopts the magistrate judge's report and recommendation in full and hereby ORDERS that plaintiff's complaint is dismissed without prejudice.

  Plaintiff Hicham Jorio filed a complaint alleging contractual breach, unjust enrichment, and conversion against defendant Mohamed Benmansour on January 6, 2015. Dkt. No. 1. Plaintiff consented to have a United States magistrate judge conduct all further proceedings in the case. Dkt. No. 5.

---

[1] Under Fed. R. Civ. P. 72(b)(2), plaintiff had fourteen days from service of the magistrate judge's report and recommendation to file any objections.

1
15-cv-00063-RMW
ORDER DISMISSING COMPLAINT

Plaintiff moved for default judgment on July 17, 2015. Dkt. No. 18. Before determining whether to enter a default judgment, a court has "an affirmative duty to look into its jurisdiction over both the subject matter and the parties." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). "The party seeking to invoke the court's jurisdiction bears the burden of establishing that jurisdiction exists." *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986). The magistrate judge ordered plaintiff to show cause why the case should not be dismissed for lack of jurisdiction or, in the alternative, to amend the complaint to cure the jurisdictional deficiencies. Dkt. No. 20. Plaintiff filed a response, but he did not amend the complaint to plead subject matter and personal jurisdiction. Dkt. No. 21. The magistrate judge afforded plaintiff another opportunity to cure the jurisdictional deficiencies in his complaint. Dkt. No. 22. Plaintiff has not amended the complaint. The court, therefore, adopts the magistrate judge's report and recommendation in full and DISMISSES plaintiff's complaint without prejudice for lack of subject matter and personal jurisdiction.

**IT IS SO ORDERED.**

Dated: October 16, 2015

_Ronald M. Whyte_
Ronald M. Whyte
United States District Judge